(46 Misc. Rep. 93)

STATE BANK v. WEISS et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. BILLS OF EXCHANGE—CHECKS—ACCEPTANCE.

Checks drawn on a branch of plaintiff bank were paid by plaintiff by the allowance of credit at the clearing house, and on discovery, when the checks were brought from the clearing house to the branch, that the drawer had no deposit, no demand was made on the indorser of the checks until action was brought against him six days later. Held that, inasmuch as a check is regarded as a bill of exchange payable on demand, and as Negotiable Instruments Law, §§ 321, 325 (Laws 1897, p. 756, c. 612), provide that the drawee of a bill will be deemed to have

accepted it if he does not return it within 24 hours after delivery for acceptance, plaintiff could not recover the amount of the checks from the indorser.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the State Bank against Morris Weiss and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Feltenstein & Rosenstein, for appellant.

Morris Durst, for respondents.

MacLEAN, J. It is alleged in the complaint that "the defendants are indebted to the plaintiff in the sum of $65.10 for money had and received, * * * said indebtedness dating from July 5, 1904." It is in the testimony that on the 4th of July the defendant received, with orders for goods, three checks, aggregating as above, dated July 5th, and drawn upon the Brownsville branch of the plaintiff; that the defendants deposited the next morning the checks in the Corn Exchange Bank, which presented them through the clearing house, where they were paid—i. e., entered in the lists, and allowed in the settlement by credit to the Corn Exchange Bank and debit to the plaintiff, which passed their amount to the favor of the defendants' account. In answer to inquiry made about 5 o'clock that afternoon, one of the defendants was told by the manager of the Corn Exchange Bank that the checks were all right. That same evening the defendants delivered the goods ordered to the person who had drawn and brought them the checks. As it turned out, the checks were worthless, for when brought by the messenger from the clearing house to the branch upon which they were drawn it was found the drawer had, and had had, no account therein. The recognition accorded the checks at the clearing house was upon the assumption of their genuineness, which their production there imparted. The arrival of the checks at the branch is to be taken as their first presentation for payment or dishonor, for it is not to be supposed that the accountant and messengers attending the morning session at the clearing house are equipped for more than comparisons and verifications of lists and balances. Payment there was made without presentation, and accepted subject to future examination of the paper. In the case, however, of commercial paper being paid without previous inspection, it is, no doubt, the duty of the party paying to use due diligence in making the inspection as soon as it has the opportunity, and in giving notice of forgery or other infirmity, if such be discovered; and if, by its failure so to do, the party receiving is prejudiced, such negligence is a good answer to a claim for restitution. Allen v. Fourth Nat. Bank, 59 N. Y. 12. Does the evidence in the case show diligence in giving the required notice? A demand is alleged in the complaint, but no proof of one is adduced, other than bringing action July 11th. From a remark volunteered by an official while a witness on the stand, it appears

that such paper is to be returned the same day it goes through the clearing house, presumably the bankers' day ending at 3 o'clock; or, in this case, a couple of hours before the defendants were told the checks were all right; longer still before they delivered their goods. Apart from clearing house rules and customs mentioned and made much of in the briefs, though not in proof, a check is regarded by law in this state as a bill of exchange, payable on demand, and there is no evidence in the case to take it out of the rule that a drawee will be deemed to have accepted a bill which he does not return within 24 hours after its delivery for acceptance. Sections 321, 325, Neg. Inst. Law (Laws 1897, p. 756, c. 612). Failure of proof that it had exercised the diligence required of it, lost the plaintiff its case below, and is likewise fatal to its appeal.

Judgment affirmed with costs. All concur.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.