### FIRST NAT. BANK OF OMAHA v. WHITMORE.

(Circuit Court of Appeals. Eighth Circuit. March 5, 1910.)

#### No. 2,998.

1. BILLS AND NOTES (§ 498*)—DRAFTS—ACCEPTANCE—PRESUMPTIONS.

The holder of a draft delivered to the drawee for acceptance, in order to raise a presumption of acceptance by the drawee's destruction thereof or refusal to return it within 24 hours, under Negotiable Instruments Law (Comp. St. Neb. 1909, c. 41, art. 10) § 136, providing that where a drawee, to whom a bill is delivered for acceptance, destroys it or refuses to return it within 24 hours, he shall be deemed to have accepted it, must show that the drafts were negotiable, or of a nature and kind that could be presented for acceptance, or that they were actually delivered to the trustee for acceptance.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 498.*]

2. BILLS AND NOTES (§ 526*)—DRAFTS—PRESENTMENT FOR PAYMENT.

Evidence held to show that drafts delivered to a trustee were presented for payment, and not for acceptance, within Negotiable Instruments Law (Comp. St. Neb. 1909, c. 41, art. 10) § 136, providing that where a bill is delivered for acceptance, and the trustee destroys it or refuses to accept it within 24 hours, acceptance will be presumed.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 526.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. BILLS AND NOTES (§§ 390, 404\*)—DRAFTS—PRESENTMENT FOR ACCEPTANCE AND PAYMENT.**

Presentment of a negotiable instrument for acceptance is distinct and different from presentment from presentment for payment, since presentment for payment cannot be made until the instrument presented is due, while presentment for acceptance must be made before maturity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1057, 1091–1103; Dec. Dig. §§ 390, 404.\*]

Hook, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Nebraska.

In the matter of the bankruptcy proceedings of William J. Crandall. From an order affirming the disallowance of a claim by the First National Bank of Omaha, on objection of Howard J. Whitmore, trustee, the bank appeals. Affirmed.

Isaac E. Congdon (William J. Coad, on the brief), for appellant.

Frank M. Hall (Frank H. Woods and Steven B. Pound, on the brief), for appellee.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. The appellant filed a claim against the estate of William J. Crandall, a bankrupt, amounting to $9,000. The foundation of this claim was four drafts drawn by one McWhorter upon Crandall and deposited by the former for credit with the appellant, which forwarded them by mail to the Citizens' Bank at Firth, Neb., of which Crandall was president, for collection and return. The appellant gave McWhorter credit for the amount of the draft. The Citizens' Bank received the drafts; but Crandall, its president, about the time the drafts were received, absconded. The drafts were not returned to appellant, and what became of them does not appear from the record. The appellant claims that under the law of Nebraska these drafts must be deemed to have been accepted by Crandall, and that his estate is liable for the amount of the same.

This claim of appellant is based upon section 136 of what is known as the "Negotiable Instruments Law" of Nebraska. Comp. St. 1909, c. 41, art. 10. The section referred to reads as follows:

"Where a drawee to whom a bill is delivered for acceptance destroys the same or refuses within twenty-four hours after such delivery or within such other period as the holder may allow to return the bill accepted or nonaccepted to the holder, he will be deemed to have accepted the same."

So far as the character of the drafts are concerned and their mode and purpose of delivery to Crandall, the burden of proof was upon appellant to show that they were negotiable and were delivered to Crandall for acceptance. We find it unnecessary to determine whether, under the facts appearing in the record, there was a destruction of the drafts, or a refusal to return the same accepted or nonaccepted, by Crandall, within the meaning of section 136 herein quoted, for the reason that we are of the opinion that appellant failed to sustain the

burden of proof imposed upon it in showing that the drafts were negotiable paper of the nature and kind that could be presented for acceptance, or that they were actually delivered to Crandall for acceptance. There were introduced in evidence, at the hearing before the referee, letters of transmittal which appellant claims were exactly similar to the letters used in transmitting the drafts in question to the Citizens' Bank. In these letters the following language is used:

"We inclose the following for collection and returns in Omaha or Eastern exchange."

On the deposit slip issued to McWhorter by appellant, when the former was credited with the amount of the drafts by the appellant, is the following statement:

"For drafts and checks credited or taken as collections, this bank acts only as agent, and assumes no liability on them, nor on drafts in payment for them."

The conclusion is irresistible that the appellant simply took the drafts for collection; that they were sight drafts, and were delivered to Crandall for payment, and not for acceptance. Presentment for payment and presentment for acceptance are two different acts, well known to the law of negotiable instruments. Presentment for payment cannot be made until the instrument presented for payment is due. Presentment for acceptance must be made before the instrument presented for acceptance is due.

We do not think that the appellant has brought itself within said section 136, herein quoted, in the particulars specified, and therefore the decree appealed from must be affirmed.

And it is so ordered.

HOOK, Circuit Judge, dissents.