## WARREN MILLER v. FARMERS STATE BANK OF ARCO.[1]

December 24, 1925.

No. 24,879.

**Acceptance of check under Negotiable Instruments Act.**

    1. Under the provisions of the Negotiable Instruments Act the
retention by the drawee bank of a check for more than 24 hours after
its presentment constitutes acceptance.

**Note for antecedent debt was not payment.**

    2. A note given for an antecedent debt is not payment unless given
and received as such; and the finding of the jury that the note in suit
was not payment is sustained.

    1. See Bills and Notes, 8 C. J. p. 319, § 487.
    2. See Payment, 30 Cyc. pp. 1194, 1196, 1293.

Action in the district court for Ramsey county to recover upon
a check. The case was tried before Boerner, J., and a jury which
returned a verdict in favor of plaintiff. Defendant appealed from
an order denying its motion for judgment notwithstanding the ver-
dict or for a new trial. Affirmed.

*L. O. Rue* and *Charles F. Kelly*, for appellant.
*Orr, Stark & Kidder*, for respondent.

DIBELL, J.
Action to recover upon a check drawn by one Howe in favor of

[1]Reported in 206 N. W. 930.

the plaintiff upon the defendant bank. The basis of the action is an acceptance of the check through the failure of the defendant to return it within the time fixed by the statute. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

On October 15, 1920, one Howe, then president of the defendant bank, mailed from Tyler to the plaintiff at South St. Paul his check on the defendant bank for $3,400. It was received by the plaintiff on October 17 or 18 and was deposited by him in the Drovers' State Bank of South St. Paul. It reached the defendant bank on October 20. It was not paid. On October 25 the defendant returned it with the statement that Howe requested its return without protest. On the same day Howe sent the plaintiff his note for $3,400, payable on demand.

The claim of the plaintiff is that the defendant by not returning Howe's check accepted it. The defendant claims that such was not the effect of the retention of the check; and, in any event, that the $3,400 note was payment.

1. The provisions of the Negotiable Instruments Act, important here, are:

G. S. 1923, § 7169 (Neg. Inst. Act. § 126): "A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer."

G. S. 1923, § 7175 (Neg. Inst. Act. § 132): "The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

G. S. 1923, § 7179 (Neg. Inst. Act. § 136): "The drawee is allowed twenty-four hours after presentment, in which to decide whether or not he will accept the bill; but the acceptance if given, dates as of the day of presentation."

G. S. 1923, § 7180 (Neg. Inst. Act. § 137): "Where a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill accepted or non-accepted to the holder he will be deemed to have accepted the same."

G. S. 1923, § 7228 (Neg. Inst. Act. § 185): "A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

In Wisner v. First Nat. Bank, 220 Pa. 21, 68 Atl. 955, 17 L. R. A. (N. S.) 1266, it is held that a check is a bill of exchange within the definition of the Negotiable Instruments Act (§§ 126, 185), and that the retention of a check by the bank to which it is sent beyond the 24 hours fixed by § 137 is an acceptance. Other cases support wholly or in part the views stated. Bull v. Novice State Bank (Tex. Civ. App.) 250 S. W. 232; Commercial State Bank v. Harkrider-Keith-Cooke Co. (Tex. Civ. App.) 250 S. W. 1069; State Bank v. Weiss, 91 N. Y. Supp. 276; Citizens Trust Co. v. Abston, Wynne & Co. 242 F. 392, 155 C. C. A. 168; Murfreesboro v. Nashville, 127 Tenn. 205, 154 S. W. 965, 45 L. R. A. (N. S.) 240, 46 Misc. 93.

There are cases opposed. We do not minimize the arguments in their support. Section 137 states a definite rule. We follow the Pennsylvania construction which appeals to us as the fair and natural one.

2. The defendant claims that the acceptance of the note of $3,400 by the plaintiff was payment. The jury found that it was not. The rule is that a note given for an antecedent debt is not payment of it unless given and received as such. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; State Bank v. Mut. Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082; Way v. Mooers, 135 Minn. 339, 160 N. W. 1014, L. R. A. 1918B, 559; Mikolas v. Val Blatz Brewing Co. 147 Minn. 230, 180 N. W. 109. The note of Howe was not payment as a matter of law. The defendant cannot complain of the submission of the issue of payment to the jury, and its finding is sustained.

Some other points are made by the defendant, and have been considered, but they do not call for discussion.

Order affirmed.