## FARMERS & MERCHANTS STATE BANK OF WEST CONCORD v. WILLIAM NUMMEDAHL.
## FARMERS & MERCHANTS STATE BANK OF BLOOMING PRAIRIE, INTERVENER.[1]

February 5, 1926.

No. 25,070.

**Debtor has burden of proving antecedent debt was paid by his note.**

1. The debtor has the burden of proving that an antecedent debt was paid by the execution and delivery of his note to his creditor. The evidence did not conclusively show an acceptance of the debtor's note as payment of his antecedent debt.

**Mortgage securing debt is not discharged until debt is paid.**

2. A mortgage securing a debt remains in full force and effect until the debt is paid. No change in the form of the evidence of the debt or in the mode or time of payment will discharge the mortgage.

**When assignment of chattel mortgage, with blank for insertion of assignee's name, is valid.**

3. An assignment of a chattel mortgage, containing a blank for the insertion of the name of the assignee, is valid if the assignor delivers the assignment to the purchaser of the note secured by the mortgage, receives from him the consideration for the transfer, and the purchaser subsequently inserts his name as assignee.

**Finding sustained that property described in one mortgage was not same property as that described in earlier mortgage.**

4. The evidence justified the court in finding that certain property described in a subsequent mortgage was not property of the same description covered by an earlier mortgage.

**Finding sustained that proceeds of sales were applied to reduce mortgage debt.**

5. The evidence justified a finding that the proceeds of sales of mortgaged property were applied to reduce the mortgage debt, and that there was no conspiracy between the mortgagor and the mortgagee to deprive the holder of another mortgage of its security.

[1]Reported in 207 N. W. 313.

**New trial because of newly discovered evidence denied.**

6. A new trial for newly discovered evidence is properly denied when the evidence merely tends to contradict or impeach the principal witness for the prevailing party.

Appeal and Error, 4 C. J. p. 835 n. 70.
Bills and Notes, 8 C. J. p. 1042 n. 43.
Chattel Mortgages, 11 C. J. pp. 621 n. 76; 663 n. 45; 682 n. 72, 73; 683 n. 75, 76.
New Trial, 29 Cyc. pp. 918 n. 5; 1009 n. 54.
Payment, 30 Cyc. pp. 1266 n. 39; 1288 n. 42; 1293 n. 72.

Action in the district court for Freeborn county. The case was tried before Peterson, J., who ordered judgment in favor of intervener and awarded the residue of the property to plaintiff. Plaintiff appealed from an order denying its motion for a new trial. Affirmed.

*C. D. Simpson,* for appellant.

*Catherwood, Hughes & Alderson,* for respondent.

LEES, C.

This action was brought to recover mortgaged personal property. Defendant denied plaintiff's ownership or right of possession. The intervener served a complaint in which it claimed the major portion of the property. The court ordered judgment allowing the claim, and awarded the remainder of the property to plaintiff. Plaintiff appealed from a denial of its motion for a new trial.

The facts disclosed by the evidence and the findings are as follows: In May, 1921, defendant executed his note for $1,590 to one Charles Jacobson, and as security therefor a chattel mortgage on a portion of the property involved in this litigation. The mortgage was filed in Dodge county. On October 3, 1922, Jacobson sold and assigned the note and mortgage to the intervener. The assignment was filed in Dodge county in November, 1923, and a certified copy of both instruments in Freeborn county in December, 1923.

On October 7, 1922, defendant gave his note to plaintiff for $472, and, as security therefor, a chattel mortgage on the property de-

scribed in the complaint. This mortgage was filed in Dodge county on October 7, 1922.

On September 28, 1922, defendant gave his note to W. J. Smith for $162, secured by a chattel mortgage on part of the property described in the complaint, and this mortgage was filed in Dodge county on September 29, 1922. In January, 1924, Smith assigned the note and mortgage to plaintiff.

Prior to October 3, 1922, defendant leased a farm in Freeborn county from E. O. Habberstad, president of the intervener bank.

On February 16, 1923, defendant executed a note to the intervener for $412; another on March 1 for $1,000; and another on March 23 for $2,000. To secure these notes, on March 23 he executed a chattel mortgage covering most of the property described in the complaint. This mortgage was filed in Freeborn county, where all the property was then located. Part of the consideration for the notes was the amount due on the Jacobson note. This indebtedness has never been paid. The note is still in the intervener's possession and the mortgage given to secure it has never been satisfied. Neither the defendant nor the intervener intended to release the mortgage or discharge the debt secured thereby.

Plaintiff contends that the debt evidenced by the Jacobson note was paid by the execution of the three notes the intervener took from defendant in the winter of 1923.

The evidence shows that when the intervener purchased the note it charged defendant with the amount due thereon on October 3, 1922, by an entry in its ledger account with him; that on March 24, 1923, he was debited with the amount of the three new notes and credited with the amount due on the Jacobson note; that, up to that time, the last-mentioned note was carried in the register of bills receivable as an asset, and that the register of notes paid contains an entry showing payment of the note on March 24. Although these book entries are evidence of payment, they are not conclusive. There was no proof that the note was paid in money or property; the claim is that the taking of the new notes discharged the original debt.

The established rule is that a debtor has the burden of proving that an antecedent debt was paid by the execution and delivery of his note to his creditor. Mikolas v. Val Blatz Brg. Co. 147 Minn. 230, 180 N. W. 109; Miller v. Farmers State Bank of Arco, 165 Minn. 339, 206 N. W. 930, and cases cited.

There was uncontradicted testimony to the effect that defendant and the intervener's president had an understanding that the Jacobson note should be held by the intervener as collateral, and that it was kept in the "collateral file." No one testified that the new notes, or any of them, were accepted in payment of the Jacobson note, and the trial court might well find that the debt evidenced by the note had not been paid. If it was not paid, the mortgage by which it was secured remained in full force and effect. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923. In that case, Judge Mitchell said:

"A mortgage secures a debt, and not the evidence of it. Hence no change in the form of the evidence of the debt, or in the mode or time of payment,—in fact, nothing short of actual payment of the debt, or an express release,—will operate to discharge the mortgage. The mortgage remains a lien until expressly released, or until the debt it was given to secure is paid. * * * This is so both as between the parties and as to a subsequent purchaser. * * * Of course we are not speaking of cases where the doctrine of estoppel by conduct would apply."

The trial court was right in holding that the rights of the intervener, as the assignee of the mortgage, were superior to those acquired by plaintiff under the mortgages it held.

The validity of the assignment of the Jacobson mortgage is questioned because the blank space for the name of the assignee was not filled. This point is disposed of adversely to plaintiff by Board of Education v. Hughes, 118 Minn. 404, 409, 136 N. W. 1095, 41 L. R. A. (N. S.) 637. Jacobson received the consideration for the assignment from the intervener and it had implied authority to write its name in the blank space left for it.

One of the mortgages held by plaintiff covers a Fordson tractor and a set of Oliver plows. The intervener's mortgage taken on March 23, 1923, also covers a Fordson tractor and a set of Oliver plows. Plaintiff contends that its claim to this property has priority over that of the intervener. The evidence shows that the tractor and plows covered by the intervener's mortgage were purchased by the defendant at Austin, Minnesota, with money furnished by the intervener, and that they were taken directly from Austin to the Habberstad farm in Freeborn county, where they were always kept. Plaintiff's cashier testified that the tractor covered by its mortgage was "supposed to have been purchased in Kasson from Otterness Bros." and that defendant told him it was purchased there. A fair inference from the evidence is that the tractor and plows covered by these mortgages were not the same, and the court was justified in awarding possession thereof to the intervener.

In its answer to the complaint in intervention, plaintiff alleged that the defendant and the intervener conspired to dispose of the property in question and apply the proceeds on notes other than the Jacobson note and thereby deprive plaintiff of its security. There was no reply to the answer, and it is asserted that the existence of the conspiracy is therefore admitted.

The court found that the existence of the alleged conspiracy was fully litigated, that it did not exist, and that, when property covered by the Jacobson mortgage was sold, the proceeds were applied to reduce the debt secured thereby. This finding is fairly supported by the evidence, hence payment of the debt by sales of mortgaged property was not established.

A new trial was demanded because of newly discovered evidence. The evidence was intended to contradict or impeach intervener's principal witness. New trials are rarely granted to permit evidence of that nature to be introduced. Dun. Dig. § 7129. The trial court, in the exercise of its discretion, was justified in denying the motion.

The other assignments of error have been considered, but do not require discussion.

Order affirmed.