## UNITED STATES FIDELITY & GUARANTY CO. v. JACOBS. (No. 395.)

(Court of Civil Appeals of Texas. Waco. Oct. 7, 1926. Rehearing Denied Nov. 4, 1926.)

1. **Banks and banking ☞140(3)—Receipt and payment of check by bank on whom drawn constitutes "acceptance" (Negotiable Instruments Act, §§ 137, 188 [Vernon's Ann. Civ. St. 1925, arts. 5941, 5947]).**

Where check is presented to bank on which it is drawn and bank receives and pays same, it thereby "accepts" check, within meaning of term as used in Negotiable Instruments Act, §§ 137, 188 (Vernon's Ann. Civ. St. 1925, arts. 5941, 5947).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acceptance.]

2. **Bills and notes ☞301—After acceptance through receipt and payment of forged check, failure by bank to notify defendant, indorser, of forgery or to return check within 24 hours after discovering forgery released defendant from liability under check (Negotiable Instruments Act, §§ 126, 137, 185, 188 [Vernon's Ann. Civ. St. 1925, arts. 5940, 5941, 5947]).**

Where bank received and paid forged check and failed to notify indorser of forgery for 30 days or to ever return check to them, indorser who took check in course of business *held* released from liability by such acceptance, under Negotiable Instruments Act, §§ 137, 188 (Vernon's Ann. Civ. St. 1925, arts. 5941, 5947), said check being bill of exchange under sections 126, 185 (articles 5940, 5947).

Appeal from Navarro County Court; Warren Hicks, Judge.

Action by the United States Fidelity & Guaranty Company against J. Jacobs. From a judgment for defendant, plaintiff appeals. Affirmed.

Davis, Jester & Tarver, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

BARCUS, J. On August 23, 1923, a man representing himself to be A. D. Thomas, indorsed and presented to appellee, Jacobs, a merchant in Corsicana, a check for $275, drawn on the Exchange National Bank of Shreveport, La., and purporting to be signed by Latex Drilling Company, Inc., by A. C. Benson, president, and payable to A. D. Thomas. At said time Jacobs delivered to the person who indorsed and gave him the check about $25 in merchandise and $100 in cash, and a duebill for the remaining $150, to be paid so soon as returns came in on the check. Jacobs immediately indorsed the check and deposited same to his account in the Central State Bank of Corsicana, and the check was sent in due course through various banks to the Exchange National Bank of Shreveport, where it was received on August 28th and promptly paid by said bank. The Central State Bank of Corsicana was notified that said check had been paid, and it in turn notified Jacobs, who thereupon paid to the party who delivered the check to him the remaining $150. On September 1st, after the check was paid, the Latex Drilling Company had its books balanced and said canceled check was delivered to said company, who pronounced same a forgery, and the check was returned to the Shreveport bank, which reimbursed the Latex Company for said amount. Appellee, Jacobs, was not notified of the alleged forgery for more than 30 days thereafter and the Shreveport bank never returned the check to the bank in Corsicana nor to Jacobs, but reported same to appellant with whom it carried an indemnity insurance contract against forgery. Appellant, in March, 1924, paid to the Shreveport bank the $275 and had the check transferred to it, and then demanded of Jacobs that he pay the check. Jacobs refused payment and this suit was filed against him as indorser on said check. The cause was tried to a jury, and, at the conclusion of the testimony the court instructed the jury to return a verdict for appellee.

The controlling questions in this case are whether, under the Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, arts. 5932–5948), the Shreveport bank, under the facts, accepted said check either by having paid same or by having retained it for more than 24 hours without returning same to the source from which it came. H. A. Blocker, the only representative of the Shreveport bank who testified, stated that:

"Said check was accepted by the (Shreveport) bank on August 28, 1923, and was charged to the account of said Latex Drilling Company the same day."

[1] Section 126 of the Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, art. 5940) defines a bill of exchange, and section 185 of said act (Vernon's Ann. Civ. St. 1925, art. 5947) states that a check is a bill of exchange. Section 137 of said act (Vernon's Ann. Civ. St. 1925, art. 5941) provides that where a drawee, to whom a bill of exchange is delivered, refuses within 24 hours after such delivery to return the bill, accepted or nonaccepted, to the holder, he will be deemed to have accepted the same. Section 188 of said act (Vernon's Ann. Civ. St. 1925, art. 5947) provides that where the holder of a check procures it to be accepted or certified, the drawer and all indorsers are discharged from liability. The weight of authority seems to be that where a check is presented to the bank on which it is drawn and the bank receives and pays same, it thereby accepts said check under the term, as used in

the Negotiable Instruments Act. Bull v. Novice State Bank (Tex. Civ. App.) 250 S. W. 232; Commercial State Bank v. Harkrider-Keith-Cooke Co. (Tex. Civ. App.) 250 S. W. 1069; First National Bank v. Talley (Tex. Com. App.) 285 S. W. 612; Miller v. Farmers' State Bank, 165 Minn. 339, 206 N. W. 930.

[2] Section 137 of the Negotiable Instruments Act provides specifically that where a drawee to whom a bill of exchange is delivered for acceptance refuses to return the bill, accepted or nonaccepted, to the holder, he will be deemed in law to have accepted same. The undisputed evidence in this record shows that the check in controversy was, in good faith, held by Jacobs, who in turn promptly delivered it to the Central State Bank of Corsicana, which bank immediately forwarded same to the bank at Shreveport, La., on which it was drawn, and said bank, according to its officer, promptly accepted and paid same, and appellee, Jacobs, was not for more than 30 days thereafter notified of the fact that same was a forgery, and the Shreveport bank never returned the check either to Jacobs or the Corsicana bank. We think the testimony of the agent of the Shreveport bank that said bank accepted and paid the check is sufficient, under section 188 of the Negotiable Instruments Act, to release Jacobs as an indorser. We think, further, that the failure of the Shreveport bank to return said check within 24 hours, at least, after it discovered same was a forgery, under section 137 of the Negotiable Instruments Act, was, in effect, an acceptance by it and released Jacobs as an indorser. Under the admitted facts in this case, we do not think there was any issue to be submitted to the jury, and, under the law, we think the appellee as an indorser on said check is not liable. The trial court did not commit error in instructing a judgment in appellee's favor.

The judgment of the trial court is affirmed.

### On Rehearing.

Appellant in its motion for rehearing complains of our failure to find, as a matter of fact, that the check in controversy was a forgery. We think our findings cover this, but in order that there may be no misunderstanding, we will state that the record shows that the check in controversy was forged by a party representing himself to be A. D. Thomas, and that the indorsement of A. D. Thomas was also forged. The record further shows that when the appellee, Jacobs, received and cashed said check he had no information that same was a forgery, or that it was not a good check and properly indorsed.

The record further shows that the check, when it was sent to the Exchange National Bank of Shreveport, La., on which bank same was drawn, was paid by said bank and said bank charged same against the account of the Latex Drilling Company, Inc., against which same had been drawn; and that thereafter the Shreveport bank took up said check and delivered same to A. C. Benson, president of Latex Drilling Company, for the purpose of his taking same to Corsicana to see if he could make collection; and thereafter the check was returned to the Shreveport bank, and was by said bank delivered to appellant at the time appellant reimbursed the Shreveport bank. The record is not clear as to whether the Shreveport bank itself returned the check to the Corsicana bank, but the record does show that the Shreveport bank notified the Corsicana bank that the check was a forgery and that appellee was, about 30 or 60 days after the check was paid by the Shreveport bank, notified by the Corsicana bank that the check was a forgery.

We took into consideration all of these facts in writing the original opinion, and, under the facts in this record, we are of the opinion that the judgment of the trial court should be affirmed. We have carefully read appellant's motion for rehearing and the authorities cited by it, and said motion is overruled.