# FIRST STATE BANK OF ODESSA v. FIRST STATE BANK OF CORRELL.[1]

July 15, 1927.

No. 26,179.

**Finding sustained by evidence.**

1. The evidence sustains the finding of the trial court that there was a valid agreement between the plaintiff bank and the defendant bank that the latter should deposit with the plaintiff notes made to it by its customers, receive credit therefor, collect and remit to the plaintiff, and repurchase on demand, following the decision on the former appeal reported in 165 Minn. 285.

**Defendant bank liable for unpaid portion of renewals.**

2. Under the agreement between the banks the defendant was liable for the unpaid portion of renewals, including renewals made after the payee bank went into liquidation.

**Finding of payment not required.**

3. The evidence did not require a finding that certain notes made the basis of recovery were paid.

Appeal and Error, 4 C. J. p. 1093 n. 77.
Banks and Banking, 7 C. J. p. 757 n. 53.
Bills and Notes, 8 C. J. p. 443 n. 3; p. 569 n. 54; p. 570 n. 55; p. 571 n. 57; p. 1057 n. 99.
Contracts, 13 C. J. p. 521 n. 18.
Payment, 30 Cyc. p. 1194 n. 28; p. 1196 n. 32.

Defendant appealed from a judgment of the district court for Big Stone county, Fesler, J., of the eleventh judicial district acting for Flaherty, J., of the sixteenth judicial district. Affirmed.

*C. A. Fosnes, John C. Haave,* and *G. F. Cashman,* for appellant.
*Freeman & Smith* and *Charles H. Bolsta,* for respondent.

[1]Reported in 214 N. W. 781.

Dibell, J.

Action to recover the amount remaining unpaid upon certain notes made to the defendant bank and by it delivered to the plaintiff bank. There were findings for the plaintiff upon which judgment was entered for $6,279.03, from which the defendant appeals.

The case was tried before and is reported in 165 Minn. 285, 206 N. W. 459. At the close of that trial each party moved for a verdict. Their motions were denied. The defendant then asked an instruction that the verdict could not be more than $1,398.60, the amount of one note, which was refused. The court then directed a verdict for that amount. The plaintiff moved for a new trial, it was granted, the defendant appealed, and there was an affirmance. The theory of the court in directing a verdict was that the agreement was valid, but that there could be no recovery upon a renewal note. It gave a new trial upon the ground that it was in error in holding that there could be no recovery upon a renewal note. On appeal the defendant contended that the court was wrong in holding that the agreement between the banks was valid and in holding that there could be a recovery based on renewal notes. On both claims it was defeated.

The appeal now before us involves substantially three questions:

(1) Whether there was a valid agreement, such as the court found, relative to the delivery of notes by the defendant to the plaintiff with an agreement to repurchase.

(2) Whether, if such agreement was valid, it applied to renewal notes.

(3) Whether certain notes the amount of which it was sought to recover were paid.

1. The court finds that for a number of years prior to December 26, 1919, the defendant bank, then operating under the name of Farmers & Merchants State Bank of Correll, deposited with the plaintiff promissory notes which it had received from its customers and received credit therefor under an agreement that the defendant would make collections, turn over the proceeds to the plaintiff, and

take renewals and deposit them with the plaintiff. On December 26, 1919, the defendant sent the plaintiff $13,497.18 in notes and received credit. At that time there were no pending transactions between the two banks. The agreement was substantially that which had existed for a long time. The court finds that on August 29, 1923, there was due on the original notes and renewals $4,150, which with interest and costs amounted to the judgment rendered.

The facts are stated more in detail in the opinion in the former appeal and the letter accompanying the deposit of December 26, 1919, is quoted. The evidence of the arrangement between the two banks is substantially the same as that on the former trial. The validity of the arrangement between the banks was involved there and was sustained. We apply the rule of the law of the case and sustain validity of the agreement between the banks. Dun. Dig. §§ 398, 404, 454. It may be mentioned in passing that there is nothing in Eberlein v. Stockyards Mtg. & Tr. Co. 164 Minn. 323, 204 N. W. 961, opposed to the result reached. The question there was whether an officer of the bank having authority to buy and sell securities had authority to contract to repurchase on demand. Here the Correll bank was in effect rediscounting commercial paper.

2. Conceding that the agreement between the banks was valid, the defendant contends that there is no liability upon renewal notes, and that in no event could there be liability for renewals after the Farmers & Merchants State Bank of Correll went into liquidation.

The opinion in the former appeal determines liability upon renewals and the decision may be rested upon the ground that the former opinion is the law of the case. Besides, it is settled that the giving of a note for an antecedent debt or the renewal of a note is not payment unless given and received as such. Miller v. Farmers State Bank of Arco, 165 Minn. 339, 206 N. W. 930; Farmers & Mer. State Bank v. Nummedahl, 166 Minn. 144, 207 N. W. 313, and cases cited. The effect of the findings is that the renewals were not payments.

That renewals were made after the Farmers & Merchants Bank went into liquidation is not important. Its corporate existence continued, its debts were not paid, and its liability remained.

3. The defendant claims that certain notes which are the basis of a recovery were paid. We find no trouble in sustaining the finding of the trial court that payment was not made except as to an item of $250 sent by H. H. DeWall to the plaintiff bank, which it is claimed was misapplied by the cashier and credited upon another note. The evidence bearing upon this item is confusing and contradictory but not conclusive in favor of the plaintiff's contention. The cashier's testimony is far from satisfactory, but the evidence left the question for the court.

Judgment affirmed.