FIRST STATE BANK OF TALIHINA v. BLACK BROS. CO., Inc.

No. 29205.   April 9, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d. 802.*

T. H. Dubois, of Talihina, and Varner & Varner, of Poteau, for plaintiff in error.

Ralph K. Jenner, of Hugo, for defendant in error.

DAVISON, J.   The cause is presented on appeal from the district court of Le Flore county. It was instituted on the 3rd day of November, 1937, by Black Brothers Company, Inc., against the First State Bank in Talihina, as defendant. The plaintiff sought to recover the sum of $683.81 by virtue of a check for that sum drawn on the defendant bank on September 17, 1937, by Newton & Leflors.

The check was made payable to the order of the plaintiff and was given to it in payment of the purchase price of some cattle. The check was deposited with the Red River National Bank of Clarksville, Tex., for collection and by said bank forwarded for clearance to the First National Bank of Dallas, Tex. The latter bank forwarded the same by mail to the drawee bank, defendant herein, which received the check on or about September 18, 1937. The check was retained by the bank several days and then returned.

It is undisputed that the check was retained by the bank for a period of time in excess of 24 hours.

Incidentally, although no legal importance is attached thereto by the parties, it appears that at the time of the receipt by the bank, Newton & Leflors had on deposit in the bank a sum in excess of the amount necessary to honor the instrument. The bank also held said firm's unpaid short time note which was charged off against its account, after which the check was returned.

The cause was tried to the court without the intervention of a jury on October 17, 1938, resulting in judgment for the plaintiff, from which the defendant appeals, appearing herein as plaintiff in error. We shall continue to refer to the parties by their trial court designation.

In presenting its case to this court on appeal, the defendant says:

"It will be conceded that there was sufficient evidence, if true, to sustain the finding of the court, and therefore it will not be necessary to examine the evidence on this point and the only question for this court to determine is one of law, viz., Did the failure of the bank to return the check within 24 hours after its receipt constitute an acceptance under the provisions of section 11436, O. S. 1931? We do not think that under the provisions of the Negotiable Instruments Law, as first hereinabove quoted, the failure of the drawee bank to return the check in question within 24 hours after receipt thereof was an acceptance of the check under the provisions of section 11436 and we do not think said section is applicable to said check."

This contention is best understood when received in the light of the theory upon which plaintiff prevailed in the court below.

The plaintiff successfully maintained that the check here involved constituted a bill of exchange under section 11484, O. S. 1931 (48 O. S. A. 402), which provides:

"A check is a bill of exchange drawn on a bank, payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

And that the neglect and failure of the bank to return the check within 24 hours after its receipt of the same constituted an acceptance thereof by virtue of section 11436, O. S. 1931 (48 O. S. A. 296), which provides:

"Where a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within 24 hours after such delivery, * * * to return the bill accepted or nonaccepted to the holder, he will be deemed to have accepted the same."

And that the drawee bank therefore became liable on the check by reason of its acceptance.

In this connection, it should be noted that the word "refuses," as used in section 11436, supra, has been broadly interpreted to comprehend failure or neglect in returning an instrument. American Nat. Bank et al. v. National Bank of Claremore, 119 Okla. 149, 249 P. 424.

The defendant, however, takes the position that when, as in this case, a check is presented to a drawee bank, the action contemplated on the part of the bank is that of payment, and that the term "acceptance" is contra-distinguishable and not applicable to the transaction involved, and that therefore section 11436, supra, has no application to the case at bar. The argument is not without supporting authority. First National Bank of Omaha v. Whitmore (8th Circuit C.C.A.) 101 C.C.A. 401, 177 Fed. 397; First National Bank of Grove v. Tally (Tex.) 285 S. W. 612; Kentucky Title Sav. Bank & T. Co. v. Dunavan (Ky.) 266 S. W. 667. Indeed from the annotation on the subject appearing in 63 A.L.R. at page 1140, it would appear that the division of authority upon the point is about even. See, also, 10 C.J.S. 666. The following authorities support the view of the trial court: Wisner v. First National Bank, 220 Pa. 21, 17 L.R.A. (N. S.) 1266, 68 Atl. 955; Peoples Nat. Bank v. Swift (Tenn.) 183 S. W. 725; Miller v. Farmers State Bank (Minn.) 206 N. W. 930; Clark v. Natl. Bank (Mont.) 252 P. 373; Blackwelder v. Fergus Motor Co. (Mont.) 260 P. 734.

Section 11431, O. S. 1931 (48 O. S. A. 291) defines "acceptance" as follows:

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer."

This definition is followed in the statute by provisions prescribing the manner in which a formal acceptance shall be exercised, as follows:

"The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

The question of whether this last-quoted portion of the statute narrows the broader meaning comprehended by the first sentence as above quoted is a pivotal point on the controversial question now before us.

Presentment of a check for payment most certainly comprehends and the act of payment most certainly includes a "signification by the drawee of his assent to the order of the drawer," within the broader meaning of that term. If this premise be accepted, it necessarily follows that the provisions of section 11436, supra, relating to refusal and delay, apply to checks presented for payment.

The question is not only debatable, but close on reason as well as authority; however, in deciding the problem presented in American National Bank v. National Bank of Claremore, supra, we cited with approval and quoted from the Pennsylvania case of Wisner v. First National Bank, supra, which in a measure commits us to the view of that court as adopted by the trial court in this case; namely, that checks presented for payment are presented for acceptance within the meaning of section 11436, supra.

As in other debatable questions, the burden of decision rests upon us regardless of the existence of plausible argument to the contrary. It is thus that certainty is imparted to the law where previous doubt existed.

The previous trend of our decisions impels us to hold that by virtue of section 11436, O. S. 1931, supra, a bank which has neglected, failed, or refused to return a check drawn upon it within 24 hours after the delivery of such check to it is deemed to have accepted the same and its liability is determined accordingly.

The decision of the trial court is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, HURST, and DANNER, JJ., concur. WELCH, V. C. J., and GIBSON, J., absent.