SHANNON, Acting Chief Judge.
The trial court entered a summary judgment in favor of the appellee against, the Exchange National Bank in Winter Haven, appellant in this case, and also against the Lake Region Bank of Commerce, the appellant in Case No. 4405, 166 So.2d 809.
The appellee was the holder of a check drawn on the Lake Region Bank of Commerce. Appellee deposited the check in his regular checking account at the Exchange National Bank in Winter Haven which forwarded it for payment to the drawee bank, the Lake Region Bank of Commerce. The drawee bank held the check for more than seven days and then returned the same to the Exchange National Bank. The maker of the check had insufficient funds to pay the check. When ap-pellee deposited the check with the Exchange National Bank his account was credited. Upon return of the check by the' drawee bank the same was charged to his account. He brought suit against both banks and obtained judgment against them. In addition, it was provided by the trial court’s order that the Exchange National Bank, upon its cross claim, would have judgment against the Lake Region Bank of Commerce.
*808 Insofar as we are concerned here, there is only one question: Is a bank receiving a check for deposit liable in charging the same check against its customer’s account where said check was delivered to the drawee bank, which drawee bank retained the check longer than the end of the business day following the day of receipt thereof? Implicit in this question, however, is the issue of whether the drawee bank is deemed to have paid the check by holding it longer than the end of the business day following the receipt thereof, and is thus liable for the amount of the check. We shall necessarily discuss the latter question first.
Secs. 676.07 and 676.08, Fla.Stat., F.S.A., are part of the Uniform Negotiable Instrument Law, and they provide:
Sec. 676.07, Fla.Stat., F.S.A. (Sec. 136, N.I.L.).
“The drawee is allowed twenty-four hours after presentment in which to decide whether or not he will accept the bill; but the acceptance, if given, dates as of the day of presentation.”
Sec. 676.08, Fla.Stat., F.S.A. (Sec. 137, N.I.L.).
“Where a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill, accepted or nonaccepted, to the holder, he will be deemed to have accepted the same.”
The problem is whether a mere failure to return a check within twenty-four hours is the same as a refusal to return it.
The leading case on this question appears to be Wisner v. First National Bank of Gallitzin, 1908, 220 Pa. 21, 68 A. 955, 957, 17 L.R.A.,N.S., 1266, which held that mere retention of the check beyond the twenty-four hour limit was a “refusal to return” under Sec. 137, N.I.L. Cases following the Wisner decision include: First State Bank of Talihina v. Black Bros. Co., 1940, 187 Okl. 124, 101 P.2d 802; Mount Vernon Nat. Bank v. Canby State Bank, 1929, 129 Or. 36, 276 P. 262, 63 A.L.R. 1133; Blackwelder v. Fergus Motor Co., 1927, 80 Mont. 374, 260 P. 734, 740; Clarke v. National Bank of Montana, 1926, 78 Mont. 48, 252 P. 373, and American Nat. Bank of Ardmore v. National Bank of Claremore, 1926, 119 Okl. 149, 249 P. 424.
There are cases which hold that a failure to return does not necessarily amount to a refusal to return. See Mitchell Livestock Auction Co., Inc. v. Bryant State Bank, 1929, 65 S.D. 488, 275 N.W. 262. This is a minority view.
In addition to the above cited statute, Sec. 676.55, Fla.Stat., F.S.A., provides:
“676.55 Checks and drafts; when deemed paid or accepted. — A check or draft received for deposit or collection by a solvent payor or drawee bank shall not be deemed paid or accepted until the amount is charged to the account of the maker or drawer unless, though not so charged, such item is retained by the drawee or payor bank longer than the end of the business day following its receipt * *
Sec. 676.55, Fla.Stat., F.S.A., is not a part of the Uniform Negotiable Instrument Law.
There is only one case which construes Secs. 676.08 and 676.55, Fla.Stat., F.S.A.: General Finance Corporation of Florida v. Central Bank and Trust Company, (5 Cir. 1959) 264 F.2d 869. The facts of that case were quite similar to the present case. The drawee bank retained the check one day longer than Sec. 676.55, Fla.Stat., F.S.A., allows, and then returned it to the bank in which it had been deposited because of insufficient funds. As in the present case, at no time were there funds in the account to cover the payment of the check. The court held both the bank in which the check was deposited and the drawee bank liable.
*809 In the opinion, Judge Tuttle discusses the general law on the construction of Sec. 137, N.I.L., recognizing that the doctrine of the Wisner case, supra, represents the majority view. With reference to Sec. 676.55, Fla.Stat., F.S.A., (not part of the N.I.L.) he states.:
“We think, in effect, the legislature, recognizing the ambiguity existing under Sections 136 and 137, as shown by the conflicting decisions, determined to set the matter at rest by saying that a check received by a solvent drawee bank for deposit or collection (not for acceptance) has the option of charging it against the drawer’s account, paying it and carrying it as an overdraft or returning it by the end of the business day following its receipt, in default of which it will be held liable as having paid it. This view is at least colorably supported by the title of the Act: ‘An Act Relating to Checks and Drafts Received for Collection or Deposit by Solvent Drawee or Payor Banks, Defining the Acts or Events Constituting Payment or Acceptance of Such Items.’ (Emphasis added.)”
Since the drawee bank retained the check longer than the business day following its receipt, the court held that it was liable as having paid it.
The court’s statement of the grounds on which it held the bank in which the check was deposited also liable was as follows:
“Since we hold that the retention of the check longer than the period allowed by the Florida statute constituted payment then this satisfied the conditions of the deposit contract between First and appellant, and when First, after payment, sought to charge the item to appellant’s account, it was not legally permissible for it to do so and it also became liable to appellant in the action that followed.”
The decision in the General Finance Corp. case, supra, is not conclusive-on us, but it is highly persuasive and we have decided to follow it. The language of 676.55, Fla.Stat., F.S.A., is clear andi does not lend itself to any other construe-^ tion.
Affirmed.
WALDEN, JAMES H., Associate Judge, concurs.
WHITE, J., dissents.