The opinion of the Court was afterwards delivered by
Dana, C. J.
The question arising out of the facts stated by Tuckerman in his answer, and which has been argued at the bar, *is whether a person, who has endorsed a negó- [ *35 ] tiable promissory note, can be held, in virtue of such endorsement, as the trustee of the endorsee ? The words of the statute are plain and comprehensive. But it has been argued that the verdict, which Healy has obtained in an action brought by him against Tuckerman on the note, has changed the relation of these parties, and has given to Eunson’s attachment, which was made after the verdict, a preference to those made in the other cases before the verdict. But the Court think otherwise ; and are unanimously agreed that, from the strong language of the statute, they cannot adjudge Tuckerman to be the trustee of Healy, in Eunson’s action, upon the facts stated. The same language applies with less iloubt to the two other cases. We aive no opinion what would *40 have been the effect, if a judgment had been rendered upon the verdict prior to the making of the attachment. (a)

Trustee discharged.

 Prescott vs. Parker, 4 Mass. Rep. 170. — Sharp vs. Clarke & Al. post, 9. — Kidd vs. Shepherd, 4 Mass. Rep. 238. — Gridley vs. Harraden, 14 Mass. Rep. 496.—Foster vs Jones, 15 Mass. Rep. 185. — Winthrop vs. Carleton, 8 Mass. Rep. 456.