(No. 15240.—Judgment affirmed.)

THE INDEPENDENT OIL MEN'S ASSOCIATION, Defendant in Error, *vs.* THE FORT DEARBORN NATIONAL BANK, Plaintiff in Error.

*Opinion filed February 19, 1924.*

1. BILLS AND NOTES—*bank paying check on forged indorsement may be sued in assumpsit.* The payee of a check which is paid by a bank on a forged indorsement may waive the action of trover for the unlawful conversion of its property and sue the bank in assumpsit for money had and received to its use.

2. SAME—*when payee is estopped to make claim against drawer or drawee of forged check.* Where a check is paid by a bank on a forged indorsement and the payee sues the bank in assumpsit for money had and received he ratifies the collection of the check from the drawee bank and both the drawer and drawee are released from paying it again, and the payee is estopped from making a claim against either.

3. SAME—*when a contract of employment is not admissible to prove authority to indorse check.* In an action of assumpsit by a payee of a check which is paid by a bank on a forged indorsement, a contract of employment between the indorser and the payee, employing the former as secretary, is not admissible in evidence to prove authority to indorse checks, where there is nothing in the contract which grants such authority and no other evidence in the record tending to show such authority.

4. SAME—*position as secretary of corporation does not imply authority to indorse checks.* The mere fact that one is employed as secretary of a corporation does not imply authority to indorse checks for the corporation, unless the duties of the position are such as cannot be performed without the exercise of such power.

5. SAME—*burden is on bank paying check to prove authority of indorser.* In an action of assumpsit by the payee of checks which are paid by a bank on indorsements alleged to have been forged, the burden is upon the bank to show that the indorser had authority to indorse the checks, and in case of failure of such proof the indorsements must be held void and the payments unauthorized.

6. SAME—*when proof of other forged indorsements is immaterial in action against bank.* In an action of assumpsit against a bank paying checks on alleged forged indorsements, evidence that the indorser had forged the payee's indorsement on other checks, depositing them to his account in his own bank, is not material in

the absence of proof that either party to the suit had knowledge of such other indorsements.

7. SAME—*when payee suing bank for paying checks on forged indorsements is not required to give notice of indorser's defalcation.* A payee corporation suing a bank which paid its checks on forged indorsements of its secretary is under no legal duty to give notice to the bank of the defalcation of its secretary after the forgeries were committed, and its delay in doing so cannot be considered negligence.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

CAMPBELL & FISCHER, (CARLTON L. FISCHER, of counsel,) for plaintiff in error.

W. T. ALDEN, C. R. LATHAM, H. P. YOUNG, and H. C. LUTKIN, (CHARLES MARTIN, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This case is here by *certiorari* to review a judgment of the Appellate Court affirming a judgment of the superior court entered on a directed verdict for defendant in error and against plaintiff in error for $1514.08.

Defendant in error is a corporation maintaining its offices in the Westminster building, Chicago. Throughout the period covered by the transactions involved in this litigation M. J. Byrne was president, G. I. Sweney was vice-president and E. E. Grant was treasurer. Pursuant to a resolution adopted by the board of directors October 11, 1917, J. A. Specht was employed by the corporation as its secretary. In February, 1919, Specht disappeared and an audit of his accounts showed a shortage of about $10,000. Specht devoted most of his time to soliciting advertising for

the Blue Book, published by defendant in error. Eleven checks issued to defendant in error in payment of the advertising accounts of eleven of its clients were indorsed by Specht, "Independent Oil Men's Association.—J. A. Specht, Sec'y," and cashed by the Moir Hotel Company, which in turn deposited the checks with plaintiff in error and received credit for them. The checks ranged in amount from $40 to $161.25. The first was dated November 5, 1918, and the last February 10, 1919. In the regular course of business plaintiff in error collected the amounts named in the checks from the drawee banks.

The basis of this action is that the indorsements were forged and the payments to Specht unauthorized. Plaintiff in error contends that this action cannot be maintained because of the provision of section 188 of the Negotiable Instrument act, which reads: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." Conceding the forgery for the purpose, it argues that payment on the forged indorsements was no payment at all; that the drawee banks could not charge the amounts paid against the respective accounts of the drawers; that it is liable to reimburse the drawee banks; that the drawers and the payee were in no way affected by the payment of the money by the drawee banks to it on the forged indorsements; that the money paid to it was the money of the drawee banks, in which neither the drawers nor the payee had any interest; and that there is no contractual relation between it and the payee which establishes an obligation to pay. This suit is not brought on the checks. We agree that under the Negotiable Instrument act the payee of an unaccepted check, who holds it, cannot sue the drawee, and he certainly could not maintain an action against a bank, other than the drawee, which refused to pay the check on demand. Defendant in error does not

contend that it has a right to base its action on the check
or on any contractual relation arising out of the check as
such. It seeks to recover the value of its property which
came into the hands of plaintiff in error and for which
plaintiff in error refuses to account. Defendant in error
might have brought an action of trover against plaintiff in
error for unlawful conversion of its property, but it chose
to waive the tort and to bring its action in assumpsit for
money had and received for its use. That it had a right
to do this is well established by the great weight of author-
ity. (*Rauch* v. *Fort Dearborn Nat. Bank,* 223 Ill. 507;
*Hamlin's Wizard Oil Co.* v. *United States Express Co.* 265
id. 156; *Talbot* v. *Bank of Rochester,* 1 Hill, 295; *Buck-
ley* v. *Second Nat. Bank,* 35 N. J. L. 400; *Farmer* v. *Peo-
ple's Bank,* 100 Tenn. 187, 47 S. W. 234; *Crisp* v. *State
Bank,* 32 N. D. 263, 155 N. W. 78.) Defendant in error
ratifies the collection of the check for it, and by this act
ratifies the assumed payment of the check. Both the drawer
and the drawee of the check are released from paying it
over again, because the payee, by ratifying the payment, is
estopped from making a claim against either. *United States
Portland Cement Co.* v. *United States Nat. Bank,* (Colo.)
157 Pac. 202, L. R. A. 1917A, 145, Annotation, id. 148.

Plaintiff in error offered in evidence a memorandum un-
der which Specht was employed which contained the fol-
lowing clause: "The secretary shall endeavor to build up
the association membership, shall keep collected promptly
all moneys due the association from whatever source, and
shall during the first week of each month furnish the direct-
ors with a trial balance or statement showing the financial
condition of the association, including, first, cash received
during month and from whom; second, cash expenditures,
to whom paid; third, bills and accounts receivable and bills
and accounts payable," but the court excluded it. There
is nothing in this contract of employment which grants to
Specht authority to indorse checks, and until there was other

evidence in the record tending to show that he had such authority it was irrelevant.

Grant testified that during all the time Specht was acting as secretary witness was the treasurer of defendant in error; that as such it was his duty to receive and disburse all funds of the association; that so far as he knew, Specht never signed or indorsed checks with the knowledge or consent of the officers of the company; that Specht's indorsement of the checks in controversy was unauthorized and that the company had received no credit for them; that Specht was the only officer of the company devoting all his time to the company's business; that witness kept in touch with the company's business by meetings with the other officers; that he was in the Chicago office two or three times a month; that Specht was on the road most of the time in the interest of the company; that during the absence of the officers of the corporation the office was in charge of two young women, a book-keeper and a stenographer; that witness had never indorsed a check for the company for deposit to its account and that he did not know who did make the deposits. Plaintiff in error did not call the other officers of the corporation nor the office employees. The assistant cashier of the National City Bank testified that Specht, for the association, opened an account with said bank in February, 1918; that he handed Specht a signature card; that Specht took it away with him and it came back the next day bearing the signature of E. E. Grant, treasurer, and that no officer of defendant in error except Grant ever had any authority to draw checks on that account.

The burden was upon plaintiff in error to show that Specht had authority to indorse the checks in question. This authority could not be implied from the mere fact that he was secretary, (*City of Chicago* v. *Stein,* 252 Ill. 409,) nor from the character of the duties which he was required to perform, without a showing that they could

not be discharged without the exercise of such power or that the power was practically indispensable to the accomplishment of the object in view. (*Crahe* v. *Mercantile Savings Bank*, 295 Ill. 375.) There must have been someone connected with this corporation who had authority to indorse negotiable paper, because it is manifest that practically all its accounts were paid by check or draft, but plaintiff in error has failed to prove that that authority was vested in Specht. This being the case, the indorsements were void and the payments unauthorized. (*Jackson Paper Manf. Co.* v. *Commercial Nat. Bank*, 199 Ill. 151; *Merchants' Nat. Bank* v. *Nichols & Shepard Co.* 223 id. 41; *Foster* v. *Graf*, 287 id. 559; *Gustin-Bacon Manf. Co.* v. *First Nat. Bank*, 306 id. 179.) There being no evidence tending to establish the defense, the court properly directed the verdict. *Heinsen* v. *Lamb*, 117 Ill. 549; *Anthony* v. *Wheeler*, 130 id. 128; *Libby, McNeill & Libby* v. *Cook*, 222 id. 206.

Plaintiff in error sought to prove that Specht had forged the indorsement of defendant in error on other checks and had deposited them to his personal account in the Great Lakes Trust Company. There is no contention that either party to this litigation had knowledge of this fact, if it be a fact, and it was therefore immaterial and properly excluded. It also sought to show that defendant in error knew of Specht's defalcation in February and that it failed to notify plaintiff in error until July. Since defendant in error was under no legal duty to give notice to plaintiff in error, its failure to exercise care in that regard is not negligence in law. *Crahe* v. *Mercantile Savings Bank, supra; Hamlin's Wizard Oil Co.* v. *United States Express Co. supra.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*