## BEACON CHOCOLATE CO. v. BANK OF MONTREAL.

(Circuit Court of Appeals, Seventh Circuit. June 15, 1926. Rehearing Denied September 18, 1926.)

### No. 3659.

Corporations ⬤⇒429—By reason of instruction to bank by corporation depositor limiting checks on its account to officers, and stamp used by manager in depositing, held bank had notice of limitation on his authority to indorse, and so accepting for deposit in his separate account checks of corporation's customers indorsed by him, generally, was liable.

Where Boston corporation opened account in its name in Chicago bank, for deposit of all checks of customers of its local sales branch, notified bank that no check should be drawn on such account save when signed by one of three designated officers, all of Boston, and furnished H., local sales manager, rubber stamp bearing words, "For deposit, Bank of Montreal, Beacon Chocolate Co., Boston, Mass.," for use in making such deposits, which he did for a year, bank had notice of limitation on any implied authority of H., as manager, to indorse corporation's checks, so that in thereafter accepting for deposit in the separate account of "H., Manager," checks of corporation's customers indorsed generally by him, and allowing him thereafter to check out such deposit, he using it for himself, bank became liable to corporation.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Beacon Chocolate Company against the Bank of Montreal. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Mitchell D. Follansbee and Clyde E. Shorey, both of Chicago, Ill., for plaintiff in error.

Louis L. Dent, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This writ of error presents a question of the asserted liability of defendant bank to a depositor (plaintiff) growing out of an embezzlement by an employee of such depositor.

Plaintiff, a Boston corporation, started a branch sales office at Chicago, and opened an account with defendant bank, in 1919, depositing its customers' checks therein. During the period covering its business transactions with defendant, plaintiff had three different sales managers in the Chicago office. The last one, H., deposited some of the customers' checks in his account as manager, and misappropriated the funds.

The bank, and we might add, the plaintiff, were interested in two accounts with which we are concerned.

One account stood in the name of the plaintiff. All the receipts of the Chicago branch—all the checks of customers of this branch—were deposited in this account. About a year before the misappropriation of funds by H., plaintiff furnished its manager with a rubber stamp which he was instructed to use in making the deposits, and which was used thereafter (save in reference to the few checks herein involved). The stamp contained these words: "For Deposit. The Bank of Montreal. Beacon Chocolate Co., Boston, Mass."

Plaintiff early notified defendant that no check should be drawn on this account save when signed by W. A. Carl, president, James R. Nicholson, treasurer, or Windsor L. Taliaferro, secretary, all of Boston. The signature cards furnished defendant bore the signatures of these three men. When a deposit was made in this account, a duplicate slip was made out by defendant and forwarded to the plaintiff at Boston.

The second account was in the name of "H., Manager," at the time of the default. The first manager carried the account in his individual name. The second carried it in his individual name, "B.," for a short period, then changed it to that of "B., Manager." "H." opened this account in his own name, but on January 31, 1921, he wrote the bank,

"Bank of Montreal, 29 South La Salle Street, Chicago—Gentlemen: Beginning tomorrow, February 1st, I am going to sign my checks 'F. A. H., Manager,' and will ask you to so change your records so that no checks will be honored except those signed accordingly.

"Yours very truly,       F. A. H."

Thereafter, the account was carried in the name of "H., Manager."

It was the practice of plaintiff to send a check each week to the Chicago manager to cover the expenses of the Chicago office, in payment of salaries of salesmen, stenographer, rent, etc. The Chicago manager would deposit this check in the last-mentioned account, and then pay the expenses, salaries, etc., therefrom.

Beginning in the latter part of January, 1921, and continuing for a short period, H. indorsed, generally, eleven of the customers' checks, all payable to plaintiff, aggregating about $5,000, and deposited them in the account of "H., Manager," and shortly thereafter withdrew and used the moneys thus deposited.

Whether defendant can justify its course

in depositing these checks to the account of "H., Manager," under the circumstances, is the decisive issue in the case. Or rather, to state it differently, upon these facts, has plaintiff established a liability against the bank?

It may be conceded for the purpose of the argument that a local sales manager has authority to collect, and, for the purposes of collecting, to indorse customers' checks given in payment of goods and merchandise sold through such agency. Likewise, it must be conceded that the bank's authority to accept such indorsements and cash said checks is dependent upon the express or implied authority of such agent to indorse his principal's name. For in the absence of any authority the bank would not be justified in paying to a third party moneys which by the terms of the check were payable to the plaintiff. Hamlin's Wizard Oil Co. v. U. S. Express Co., 265 Ill. 156, 106 N. E. 623; Independent Oil Men's Ass'n v. Bank, 311 Ill. 278, 142 N. E. 458; Foster v. Graf, 287 Ill. 559, 122 N. E. 845.

Did the bank have notice of the limitation on the manager's authority to indorse the company name on its checks?

The answer to this question involves an examination of the evidence rather than a study of the decisions. As we construe the issue, there was no disputed question of fact for a jury to pass upon, and the trial court, the jury having been waived, very properly and we may add, very commendably, preserved all the questions here presented.

The defendant's proof lies solely in the fact that H. was the Chicago sales manager. It has been held in Illinois that no such implied authority to indorse the checks of a company arises from the fact that the indorser was the secretary of the company. City of Chicago v. Stein, 252 Ill. 409, 96 N. E. 886, Ann. Cas. 1912D, 294. See, also, Crahe v. Mercantile Savings Bank, 295 Ill. 375, 129 N. E. 120, 12 A. L. R. 92, and Independent Oil Men's Ass'n v. Bank, supra. It is not necessary to go as far as the court has gone in these last cases. We rest our decision upon the affirmative evidence disclosing only a limited authority on the part of H. It was, at most, only an implied authority arising from his position as sales manager. Moreover, there is a vast difference between the authority of an agent to indorse generally, and the authority of an agent to indorse for deposit in the principal's name.

Plaintiff notified the bank that only three persons—and their names and signatures were furnished—could draw on this account. Necessarily this information excluded H.

Notice to the bank that but three individuals could draw out the money thus deposited in the bank was indirect notice that a fourth individual could not withdraw funds. This notice alone overcame in part the implied authority arising from H.'s position. It was a notice of a restriction or a limitation upon H.'s authority. He could collect, and to collect could indorse, but only indorse *for deposit* in plaintiff's account.

Could H. do indirectly what he could not do directly? Could he draw out the money, if he did so when he made the deposit? We think not. Yet depositing the funds in his own name or in an account which he controlled was in legal effect equivalent to withdrawing them.

This conclusion is strongly confirmed by the plaintiff's presentation to his agent, and the agent's constant use, to the knowledge of the bank, of a rubber stamp, which informed the bank that the agent's authority to endorse a check was *for deposit* only. Thus informed, the bank knew that only three men could withdraw funds deposited in plaintiff's name. H. was not one of them. The use of the rubber stamp confirmed this limited authority. It gave notice to the bank that the manager could indorse for deposit only. In other words, the instructions and the well-established custom were entirely consistent, and they constituted notice to the bank that the authority of the local manager was limited to indorsing customers' checks for deposit only.

In the face of this notice, the bank allowed H. to indorse checks and withdraw plaintiff's money, and, for so doing, it became liable.

It is hardly necessary to refer to defendant's cases. Our question calls for the application of certain legal principles, concerning which there is no serious controversy, to the facts in the instant case. In other words, this is a question of authority of an agent (over which there is no possibility of a difference of opinion), coupled with a question of knowledge on the part of the bank of such agent's limited authority.

In Santa Marina Co. v. Bank of Commerce, 254 F. 391, 165 C. C. A. 611, defendant's "best" case, the facts were different. Speaking of the authority of a secretary, the court said:

"His [the secretary's] authority to indorse the checks in blank was complete. Where he should deposit the checks was another matter, concerning which there was no express restriction."

In Havana Cent. Ry. Co. v. Central Trust Co., 204 F. 546, 123 C. C. A. 72, L. R. A.

1915B, 715, another strong reliance of defendant, we have a case where the authority of the agent in drawing the checks is not even in dispute. The controverted issue is one of knowledge, or grounds to believe, on the part of the bank, that the agent authorized to draw checks was executing them for personal and not for corporate purposes.

In the instant case, there is no question of H.'s authority involved. He could not indorse these checks in blank. He could only indorse for deposit. The bank knew that only three men (all officers of the company) could draw checks against the account of the company. H. could not do so. Yet the bank permitted him to do indirectly what he could not do directly. It permitted H. to draw out the money at the time of deposit. It permitted him to indorse in blank when it knew, or should have known, that he could indorse for deposit only.

The judgment is reversed, and the cause remanded.