VON SEGGERN BROS. & LUDDEN, Respondents, vs. ANTELOPE COUNTY STATE BANK, et al, Appellants.

(232 N. W. 913.)

(File No. 7034.   Opinion filed November 10, 1930.)

*Charles A. Davis,* of Burke, for Appellant.

*W. J. Hooper,* of Gregory, for Respondents.

BROWN, P. J.   ██ ██   On March 23, 1925, Oakdale Milling Company of Oakdale, Neb., gave to plaintiffs a check for $1,392 on defendant bank. Plaintiffs at once deposited it in a South Dakota bank and it was without delay forwarded to defendant bank in Oakdale, Neb., for payment. The bank held the check until May 20th, when it indorsed it "Presented for payment May 20th, and payment was refused. No funds," and returned it to the South Dakota bank through which it had been sent. Plaintiffs commenced an action against defendant bank, service of the summons being made in Antelope county, Neb., on May 24, 1926. Defendant made no appearance, and on October 9, 1926, upon a complaint alleging the foregoing facts and nothing more, the court gave a personal judgment against defendant for the amount of the check, with interest from its date and costs of the action. On October 2, 1926, a garnishee summons in the action was served upon appellant, Bert Humphrey, who answered, alleging that he had given his negotiable promissory note for $2,505 to White River State Bank, but did not know whether that bank or defendant bank or some one else was now the holder of the note. Plaintiff did not take issue on the answer. Thereafter a stipulation was entered into between the attorney for plaintiffs and the attorney for defendant to the effect that on October 9, 1926, judgment had

been entered in the main action in favor of plaintiffs for $1,555.32; that on October 2d garnishee summons had been served upon appellant who answered that he had given his note for $2,505 to White River State Bank due August 11, 1926, with interest at 10 per cent per annum; that before maturity said note was transferred by White River State Bank to defendant Antelope County State Bank, and that defendant bank had at all times since been the owner of the note; that the same was not subject to garnishment, and the sole question for determination between appellant and plaintiffs was whether or not appellant was subject to garnishment by reason of having executed the said note, and that "in determining this question the court shall take into consideration all of the pleadings and files in the principal action in this case as well as the garnishment proceedings, together with the foregoing stipulated facts." The trial court decided that he was, and gave judgment against appellant as garnishee for the sum of $1,555.32, with interest from October 9, 1926, aggregating in all $1, 838.87 besides the costs of the action, from which judgment the garnishee appeals.

The complaint against the principal defendant is insufficient to support any judgment. The check did not operate as an assignment of any part of the funds of Oakdale Milling Company in defendant bank, if in fact the milling company ever had any funds there. Rev. Code 1919, § 1891. The complaint does not even alleged that Oakdale Milling Company at the time of drawing the check or at any time subsequent thereto had any funds whatever in defendant bank. There is nothing in the complaint from which it can be inferred that plaintiff sustained any prejudice whatever by reason of the length of time that the defendant bank held the check before returning it. In any event the bank was not liable to the holder of the check unless and until it accepted or certified the check. Rev. Code 1919, § 1891; Gay v. Sundquist, 42 S. D. 328, 175 N. W. 190; Harrison State Bank v. First National Bank of Omaha, 116 Neb. 456, 218 N. W. 92, Independent Oil Men's Ass'n v. Fort Dearborn National Bank, 311 Ill. 278, 142 N. E. 458. The insufficiency of the complaint is not in a mere defect of form or defective statement of facts that may be supposed to exist, but consists in a failure to state facts that show any cause of action whatever, and indeed the complaint may almost be said to state facts showing affirmatively that no cause of action exists.

■ There being no valid judgment against the principal defendant, the trial court had no jurisdiction to enter any judgment against the garnishee. "Inasmuch as a valid judgment against the principal defendant is essential both as a foundation for a judgment against the garnishee, and for his protection, the garnishee is entitled to assert any defenses or objections to the proceedings against the principal defendant which are of a jurisdictional character or which render the judgment void." 28 C. J. 276; Rev. Code 1919, § 2468. But respondent contends that the question of liability of the principal defendant to plaintiff is no longer in the case; that it was stipulated out of the case by paragraph 4 of the stipulation; "that the sole question for determination of the court is whether, under provisions of section 2471 of the Code of Civil Procedure, the said garnishee, Bert Humphrey, was subject to garnishment by reason of his having executed the said note." But paragraph 5 of the stipulation reads: "If the court shall determine that he was liable as garnishee, judgment shall be entered in favor of the plaintiff and against the garnishee for the amount due on the judgment, besides the costs, and if it shall hold he was not liable as garnishee, then the garnishment proceedings shall be dismissed at plaintiff's costs." And paragraph 6 reads: "In determining this question, the court shall take into consideration all of the pleadings and files in the principal action in this case as well as in the garnishee proceedings, together with the foregoing stipulated facts." What is the use of paragraph 6 of the stipulation if it is not intended thereby that the court shall take into consideration the sufficiency of the complaint in the principal action in determining whether or not there is any liability as garnishee, and if the complaint states no cause of action against the principal defendant that there can be no liability as garnishee?

But passing this inquiry and taking paragraph 4 of the stipulation as controlling and overriding everything else in the stipulation and passing also the further and very serious question as to whether an attorney has any authority to stipulate away a vital and conclusive defense of his client, we proceed to consider the question stated in paragraph 4 of the stipulation, whether under the provisions of section 2471 of the Revised Code 1919 the garnishee is liable by reason of having executed a negotiable promissory note. Section 2471, so far as material to this case, reads:

No judgment shall be rendered upon a liability of the garnishee by reason of his having made, indorsed, or guaranteed any negotiable note or other security. Counsel for respondent contends that this statutory provision is merely a statement of the common-law rule, and he cites a number of cases which he says are decided under common-law rules and which hold that garnishment process served after the maturity of a negotiable note subjects the maker to liability as garnishee, among others, Scott v. Hawkins, 99 Mass. page 550. But he cites no case so holding decided under a statute similar to ours, and industrious search on our own part has not enabled us to find any such case. The case of Eunson v. Healy, 2 Mass. 32, decided in 1806, passed upon a statute substantially the same as ours. It provided that no person shall be adjudged a trustee (garnishee) by reason of his having made, given, indorsed, negotiated, or accepted any negotiable security whatever. The court in that case said that the language of the statute was so plain and comprehensive that it was not permissible to hold liable as a garnishee one who came within its terms. The case of Scott v. Hawkins, 99 Mass. page 550, cited by respondent as supporting the judgment of the trial court, was decided after the Massachusetts statute had been changed so as to read that no person should be adjudged a trustee by reason of having made any note or other security "which is payable on time and not overdue." In line with Eunson v. Healy, supra, is Oakdale Mfg. Co. v. Clarke, 29 R. I. 192, 69 A. 681, 683, in which the court made special reference to section 55 of the Negotiable Instruments Act, providing that "an instrument negotiable in its origin continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise," and reaches the conclusion that the maker of negotiable paper could not be held liable as garnishee, although he was served with garnishee process after the maturity of the paper.

The statute makes no distinction between cases where the garnishment process is served before maturity or where it is served after maturity of a negotiable instrument. While the reasons for exempting one from liability as garnishee by reason of his having made a negotiable note, which is not overdue, may be stronger than those which justify exemption from liability where the paper is past due, yet sufficient reason exists for exemption in the broad language of our statute, declaring that no one shall be liable as

garnishee by reason of having drawn, accepted, made, endorsed, or guaranteed any negotiable bill, draft, note, or other security. See 28 C. J. 157, note 45(a), note 48(a) ; L. R. A. 1918C, annotation at page 736. In Kullberg Mfg. Co. v. Smith, 173 Minn. 504, 216 N. W. 249, 218 N. W. 99, 101, under a statute quite similar to our own it is said: "The statute is made operative by the fact rather than the character of the garnishee's liability, at the time being, on a negotiable instrument. It is not necessary that it appear also that such liability is to a holder in due course rather than to one charged with notice. The test is found in the character of the instrument and not in the status or rights of its holder at the moment."

We hold that Rev. Code 1919, § 2471 means what it says, and that courts are not authorized by judicial construction to legislate into the section an exception making one liable as garnishee on an indebtedness evidenced by a negotiable note, provided garnishment process is served on him after maturity of the note. The statute says he can not be adjudged liable as garnishee by reason of having made a negotiable note.

The judgment appealed from is reversed.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J., concurs in result.