MITCHELL LIVESTOCK AUCTION CO., INC., Appellant, v. BRYANT STATE BANK, Respondent.

(275 N. W. 262)

(File No. 8056. Opinion filed October 5, 1937)

*Morgan & Whiting* and *Donald O. Nicolls,* all of Mitchell, for Appellants.

*Benthin & Arneson,* of Hayti, for Respondents.

ROBERTS, J. The complaint alleges that plaintiff on July 14, 1936, indorsed and deposited with the Mitchell National Bank a check for $1,512.38 and received credit upon the books of the bank for that amount; that this check was executed and delivered by defendant Claude Sondergaard on the defendant bank; that the check was duly indorsed by the Mitchell National Bank and forwarded to the First National Bank & Trust Company of Minneapolis, which in turn indorsed and forwarded the check for payment to the defendant bank; that the check was received by the defendant bank on July 16, 1936, and not until July 23, 1936, did the defendant bank give plaintiff or its agents any notice of dishonor of the check; and that on that day the defendant bank notified the First National Bank & Trust Company of Minneapolis by

telegram that it did not honor the check for the reason that the drawer did not have on deposit sufficient funds with which to pay the check.

It is further alleged that plaintiff executed and delivered checks to defendant Sondergaard during the interval; that, if plaintiff had been notified within a reasonable time of the refusal of the defendant bank to honor the check in question, the plaintiff would have had an opportunity to stop payment upon the checks issued to Sondergaard and also to retake by judicial process live-stock sold and delivered to Sondergaard; and that the check in question was not paid notwithstanding defendant bank during the period of retention received from Sondergaard funds for deposit greatly in excess of the amount of the check and that the defendant bank paid other checks issued by defendant Sondergaard which were delivered to the defendant bank for payment after receipt of the check presented by the plaintiff for acceptance and payment.

For a second cause of action it is alleged that on July 20, 1936, while the defendant bank was still retaining the check involved in the first cause of action and before the defendant bank had notified the forwarding bank of its refusal to pay such check, the defendant Sondergaard purchased other livestock from the plaintiff; and that in payment thereof the purchaser executed and delivered two checks on the defendant bank in the sum of $324.97; that these checks were not paid; that, if plaintiff had been advised of defendant's refusal to pay the check described in the first cause of action, the plaintiff would not have accepted these two checks. Plaintiff appeals from the order sustaining the demurrer of the defendant bank to the complaint.

It is the contention of counsel for the plaintiff that the retention of the check for $1,512.38 involved in the first cause of action by the defendant bank under the circumstances, described by the complaint amounted to an acceptance. Defendant bank claims that the check in question was never accepted or certified by it; that the mere retention of the check did not render the drawee bank liable as an acceptor of the instrument. Section 1887, Rev. Code 1919, provides that the provisions of the negotiable instruments act applicable to bills of exchange shall apply to checks. Section 1835, Rev. Code 1919, provides that the acceptance of a bill is the

significance by the drawee of his assent to the order of the drawer and that an acceptance must be in writing and signed by the drawee. Plaintiff contends that this is not the sole and exclusive method of proving an acceptance; that a drawee bank will be deemed to have accepted a check if it refuses within twenty-four hours after delivery or within such other period as the holder may allow to return the check to the holder. In this the plaintiff relies on the following provisions of section 1839, Rev. Code 1919: "The drawee is allowed twenty-four hours after the presentment in which to decide whether or not he will accept the bill; but the acceptance, if given, dates as of the day of presentation."

This section is identical with the provisions of section 136 of the Uniform Negotiable Instruments Act. Section 137 of that act, which section has been omitted from the provisions of the Negotiable Instruments Act of this state, reads as follows: "Where a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill accepted or nonaccepted to the holder, he will be deemed to have accepted the same."

It is the holding in some jurisdictions that these sections are not applicable where checks are delivered for collection or payment, but it is held by other courts that these provisions apply to a check presented for collection or payment and that a retention by the bank to which it is sent beyond the twenty-four hours specified is an acceptance. See Wisner v. First National Bank, 220 Pa. 21, 68 A. 955, 17 L. R. A. (N.S.) 1266; Miller v. Farmers' State Bank of Arco, 165 Minn. 339, 206 N. W. 930; annotations in 17 L. R. A. (N.S.) 1266, and 63 A. L. R. 1138. Plaintiff contends that this section of the Uniform Negotiable Instruments Act which has been omitted from the Negotiable Instruments Act of this state is merely declaratory of the rule of the law merchant. This act is not a complete codification of the law upon the subject of negotiable instruments. It supersedes the pre-existing contradictory law so far as it declares the law on that subject, and, where the act is silent, the rules of the law merchant govern. Section 3, Rev. Code 1919; Commercial Credit Co. v. Nissen, 49 S. D. 303, 207 N. W. 61, 51 A. L. R. 287.

■ We come then to a consideration of the contention that a drawee under the law merchant is rendered liable as an acceptor by retention of the check. When the Legislature in the enactment of a negotiable instruments law omitted section 137 of the uniform act, the inference is that it did not consider the section declaratory of the law merchant. We are convinced that this construction is correct in so far as that section declares that the drawee to whom a bill of exchange or check is delivered for acceptance will be deemed to have accepted if the drawee within twenty-four hours after delivery or within such other period as the holder may allow fails to return the bill or check, accepted or nonaccepted. Colo. Nat. Bank v. Boettcher, 5 Colo. 185, 40 Am. Rep. 142; Carr v. Nat. Sec. Bank, 107 Mass 45, 9 Am. Rep. 6; Hibbard v. Parciak, 94 Conn. 562, 109 A. 725; Westberg v. Chicago Lbr. & Coal Co., 117 Wis. 589, 94 N. W. 572; Dan. Neg. Inst. (7th Ed.) § 563. Under section 1839 the drawee has twenty-four hours within which to determine the status of the drawer's account and to make other investigation, and after expiration of such time the holder of a bill of exchange may demand an acceptance or return of the instrument, but this section does not undertake to define the effect of neglect or refusal to return. The liability of defendant bank cannot therefore be predicated on a failure to comply with a statutory duty to return the check within twenty-four hours after its delivery, and we are of the view that the retention of the check was not accompanied by circumstances from which an acceptance may be implied. The mere retention of the check was not in itself sufficient to render the drawee liable as an acceptor. See, also, First State Bank of Lemmon v. Stockmen's State Bank, 42 S. D. 585, 176 N. W. 646; Von Seggern Bros. & Ludden v. Antelope County State Bank, 57 S. D. 415, 232 N. W. 913, 71 A. L. R. 577; 3 R. C. L. 1308.

■■ Plaintiff further contends that this action is not confined to a recovery upon the check, but is brought upon the entire transaction; that, notwithstanding plaintiff may have no cause of action against the drawee upon the check, the defendant bank assumed the duty as agent of plaintiff to use due diligence in taking all steps by presentment, demand, protest, and notice as were necessary to secure payment of the check held by it for collection and

that recovery may be had for breach of such duty. The plaintiff alleges that it indorsed the check and deposited the same in its account in the Mitchell National Bank and received credit upon the books of the bank for the amount of the check, and that thereafter the Mitchell National Bank forwarded the same to the First National Bank & Trust Company of Minneapolis, and that the latter bank indorsed the check and forwarded it for payment to the defendant bank. Where there is no definite understanding between a depositor and the bank as to the ownership of paper, but paper is indorsed and deposited in the usual course of business with the bank, the bank becomes the owner of the paper and not an agent for collection. Fanset v. Garden City State Bank, 24 S. D. 248, 123 N. W. 686. We find no allegations of fact showing the creation of an agency, and the right of the plaintiff to recover for the failure of the defendant bank to exercise reasonable care and diligence in collecting the amount of the check is neither presented nor determined.

The order appealed from is affirmed.

All the Judges concur.