372

GENERAL FINANCE CORPORATION OF FLORIDA, a Delaware corporation, Plaintiff,

v.

CENTRAL BANK & TRUST COMPANY, a Florida banking corporation, and The First National Bank of Miami, a national banking association, Defendants.

Civ. No. 8236–M.

United States District Court
S. D. Florida,
Miami Division.

May 29, 1958.

Kenneth Syken, of Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

McCarthy, Lane & Adams, Jacksonville, Fla., for plaintiff.

Scott, McCarthy, Preston, Steel & Gilleland, Miami, Fla., for First Nat. Bank of Miami.

Pallot, Cassel & Marks, Miami, Fla., for Central Bank & Trust Co.

CHOATE, District Judge.

This cause came on to be heard before the Court on the 13th day of May, 1958 on Motion to Dismiss Amended Complaint filed by defendant Central Bank & Trust Company, and Motions to Dismiss and for Summary Judgment, filed by defendant First National Bank of Miami. The Court granted said Motion to Dismiss Amended Complaint with leave to plaintiff to amend said Complaint within 10 days, and providing that upon failure to amend, summary judgment be entered in favor of defendants. The time for said amendment having expired, and counsel for plaintiff having indicated that no further amendment would be made, upon Motion by defendant Central Bank & Trust Company for entry of Final Summary Judgment, it is the opinion of the Court that there is no genuine issue as to any material fact and that the defendants are entitled to Summary Judgment as a matter of law.

Under the facts of this case, plaintiff deposited with the First National Bank of Miami a check drawn by a Central Bank depositor on the Central Bank & Trust Company, payable to the plaintiff. This check was forwarded to defendant Central Bank & Trust Company on Thursday, July 18, 1957. Central Bank & Trust Company retained the check until Monday, July 22, 1957, on which date it returned the same unpaid to the defendant First National Bank. At the time the check was forwarded to defendant Central Bank & Trust Company, and at no time thereafter did the depositor's account contain sufficient collected funds to cover payment of the item.

Plaintiff alleges that defendant Central Bank & Trust Company is liable under the provisions of Florida Statute 676.55, F.S.A., which provides that

"a check or draft received for deposit or collection by a solvent payor or drawee bank shall not be deemed paid or accepted until the amount is charged to the account of the maker or drawer unless, though not so charged, such item is retained by the drawee or payor bank longer than the end of the business day following its receipt."

Plaintiff further relies on Florida Statute 676.08 F.S.A., which provides that where

"a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill, accepted or nonaccepted, to the holder, he will be deemed to have accepted the same."

Plaintiff alleges that defendant First National Bank is liable to him in that it permitted the return of said check by Central Bank & Trust Company, and charged same to plaintiff's account.

In the Court's opinion, Florida Statute 676.55, F.S.A., is a "deferred posting statute", and does not impose liability for failure of the bank to accept a check by the end of the business day following its receipt.

The issue raised by Florida Statute 676.08, F.S.A., is more difficult to resolve. On the surface, there appears to be a sharp split of authority as to whether or not retention of a check by a bank for a period of more than 24 hours constitutes acceptance. See Wisner v. First National Bank of Gallitzin, 1908, 220 Pa. 21, 68 A. 955, 17 L.R.A.,N.S., 1266;

Mitchell Livestock Auction Co., Inc., v. Bryant State Bank, 1937, 65 S.D. 488, 275 N.W. 262. In the opinion of this Court, the retention of the check in question by the defendant Central Bank & Trust Company for a period of more than 24 hours did not constitute acceptance of the check. Under the circumstances of this case, the defendant bank was under no duty to the plaintiff. There was no privity between the drawee and the plaintiff, and plaintiff could only attain such rights under the check that the depositor himself had. In view of the fact that the check was uncollectable by defendant, the defendant Central Bank & Trust Company was not liable to plaintiff for its failure to return the check within the time stated.

It is to be noted also that the Statute specifically uses the terms "destroys" or "refuses to return", and would, by such wording exclude the possibility that mere retention constitutes acceptance.

It appears to this Court that under some circumstances, where gross negligence of a bank might result in injury to the holder of the check, a Court might apply the "acceptance" doctrine to prevent hardship, but it would have to be a case where the bank actually or constructively *refused* to return, and where damages were occasioned. In the leading case of Mt. Vernon National Bank v. Canby State Bank, 1929, 129 Or. 36, 276 P. 262, 63 A.L.R. 1133, the Court implied acceptance where a draft was held for *24 days* contrary to explicit instructions of the collecting bank.

Under those circumstances, a Court would be tempted to use the statute in question to prevent loss to the depositor. Here the plaintiff claims no damage by reason of delay, but asserts that the statute imposes liablility to pay the check merely by delay over the week-end of its return.

It is therefore,

Ordered and adjudged that Motions for Final Summary Judgment filed by defendants be and the same are hereby granted, and it is

Further ordered and adjudged that Final Summary Judgment be and the same is hereby entered in favor of the defendants, Central Bank & Trust Company, a Florida banking corporation, and the First National Bank of Miami, a national banking association, against the plaintiff General Finance Corporation of Florida, a Delaware corporation, and it is ordered that plaintiff take nothing by its suit and that the parties hereto bear their own costs.